IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ANALYTICAL TECHNOLOGIES, LLC,** | ) <br> ) <br> ) |
| Plaintiff-Counterclaim Def., | ) <br> ) Civil Action No. 2:24-cv-00448 |
| v. <br> **STARBUCKS CORPORATION** | ) <br> ) <br> ) <br> ) |
| Defendant-Counterclaim Pft. | ) <br> ) <br> ) |

**DEFENDANT STARBUCKS CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM IN RESPONSE TO PLAINTIFF'S COMPLAINT**

Defendant Starbucks Corporation ("Defendant" or "Starbucks"), by and through its counsel, hereby files its Answer, Affirmative Defenses, and Counterclaims to Analytical Technologies LLC's ("Plaintiff's" or "AT's") Complaint for Patent Infringement (Dkt. No. 1). Starbucks denies the allegations and characterizations in the Complaint unless expressly admitted in the following numbered paragraphs.

**NATURE OF ACTION**

1. Starbucks admits that this is an action for patent infringement and that AT has alleged infringement of the '083 Patent. Starbucks expressly denies that it has infringed any claim of the Asserted Patent.

**THE PARTIES**

2. Starbucks lacks sufficient information as to AT's corporate formation and

1

location. Starbucks lacks sufficient information as to AT's business model. As to any remaining allegations, denied.

3. Starbucks admits that it is a Washington corporation and admits that it has a principal place of business in Seattle Washington. Starbucks admits that it has a registered agent for service of process in Austin Texas. Starbucks admits that it operates a cafe in this District, but denies the remaining allegations of paragraph 3.

## JURISDICTION

4. Starbucks admits that AT filed an action for patent infringement arising under the patent laws of the United States, Title 35 of United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that AT has any valid claim thereunder.

5. Starbucks does not contest personal jurisdiction for purposes of this litigation alone and denies any allegations or inferences of infringement in paragraph 5.

6. Denied.

7. Starbucks admits that it operates a cafe in this District, but denies the remaining allegations of paragraph 7.

8. Starbucks admits that it operates a cafe in this District, but denies the remaining allegations of paragraph 8.

9. Starbucks admits that it operates a cafe in this District, but denies the remaining allegations of paragraph 9.

10. Starbucks admits that it operates a cafe in this District, but denies the remaining allegations of paragraph 10.

11. Starbucks does not contest personal jurisdiction for purposes of this litigation

alone and denies any allegations or inferences of infringement in paragraph 11.

## VENUE

12. Starbucks does not contest venue for purposes of this litigation alone and denies any allegations or inferences of infringement in paragraph 12.

## THE PATENT IN SUIT

13. To the extent Paragraph 13 contains any information properly considered an "allegation" under Rule 8, Starbucks admits that it appears that the USPTO issued the '083 Patent with the title so affixed to said patent. Starbucks admits that a copy of what purports to be the '083 Patent was filed concurrent with AT's Complaint. Starbucks denies any remaining allegations herein.

14. To the extent Paragraph 14 contains any information properly considered an "allegation" under Rule 8, Starbucks admits that the face of the '083 Patent states that it was filed on June 27, 2012. Starbucks denies that the assignment of the '083 Patent to AT was valid.

15. Denied.

16. Denied.

### Overview of the Technology

17. Starbucks denies that Paragraph 17 contains an accurate description of the scope of the claims of the Asserted Patent.

18. Starbucks admits that the '083 Patent contains the statement in Paragraph 18 at 1:37-41 but Starbucks denies the statement is true or accurate.

19. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**The Patented Invention**

21. Starbucks denies that Paragraph 21 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

22. Starbucks denies that Paragraph 22 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

23. Starbucks denies that Paragraph 23 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

24. Starbucks denies that Paragraph 24 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

25. Starbucks denies that Paragraph 25 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

26. Starbucks denies that Paragraph 26 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

27. Starbucks denies that Paragraph 27 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

28. Starbucks denies that Paragraph 28 contains an accurate description of the scope of the claims of the Asserted Patent. As to any remaining allegations, denied.

**The Claims are Directed to Patentable Subject Matter[1]**

29. Starbucks admits that some of the language in Paragraph 29 appears in Claim 1 of the Asserted Patent. As to any remaining allegations, denied.

**The claims are directed to a solving an existing problem with restaurant ordering systems**

30. Denied.

---

[1] Section titles do not contain factual allegations under Rule 8 but to the extent any of the section titles are considered factual allegations, Starbucks denies that the claims of the Asserted Patent are patent eligible, owned by Plaintiff, valid, or infringed.

4

31. Denied.

### The claims are not directed to an abstract idea or law of nature

32. Denied.

33. Denied.

### The claims do not preempt their field

34. Denied.

35. Starbucks is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### The claimed method could not be performed mentally or by hand

36. Denied.

## DEFENDANT'S SYSTEM AND SERVICES

37. Starbucks admits that it is a successful and beloved coffee chain. As to any remaining allegations, Starbucks is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. Starbucks admits that its customers may download a mobile app and that some customers may choose to pay for food using that mobile app. Starbucks denies that its mobile app infringed the Asserted Patent.

39. Denied.

40. Denied.

## FIRST CAUSE OF ACTION

### (Direct Infringement of the '083 Patent)

41. Starbucks repeats and incorporates its statements made in paragraphs 1–40 above.

42. Starbucks admits that patents are presumed valid upon issuance. Starbucks denies

that the Asserted Patent is valid.

43. Denied.

44. Starbucks admits that AT attached an infringement chart to its Complaint. Starbucks denies infringement of the Asserted Patent. AT's own chart demonstrates Starbucks' non-infringement.

45. Denied.

46. Denied.

47. Starbucks admits that it has not attempted to design around the '083 Patent or that it has any need to design around the Asserted Patent as Starbucks does not infringe the Asserted Patent. As to all remaining allegations, denied.

48. Denied.

## SECOND CAUSE OF ACTION
### (Indirect Infringement of the '083 Patent)

49. Starbucks repeats and incorporates its statements made in paragraphs 1–48 above.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Starbucks admits that it has not attempted to design around the '083 Patent or that it has any need to design around the Asserted Patent as Starbucks does not infringe the Asserted Patent. As to all remaining allegations, denied.

56. Denied.

## PRAYER FOR RELIEF

Starbucks denies that AT is entitled to any relief so requested.

## STARBUCKS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

### Standing

AT does not have standing to assert the '083 Patent. The previous owner of the '083 Patent, Andrew Silver, sold the '083 Patent. Mr. Silver thus did not have the authority or power to assign the '083 Patent to AT.

### SECOND AFFIRMATIVE DEFENSE:

### Non-Infringement

Starbucks does not infringe and has not infringed any valid claim of the Asserted Patent.

### THIRD AFFIRMATIVE DEFENSE:

### Invalidity under 35 U.S.C. § 102

All of the claims of the Asserted Patent are invalid under 35 U.S.C. § 102 because the claimed invention was disclosed either expressly or inherently in the prior art.

### FOURTH AFFIRMATIVE DEFENSE:

### Invalidity under 35 U.S.C. § 103

All of the claims of the Asserted Patent are invalid pursuant to 35 U.S.C. § 103 because any differences between the subject matter of the Asserted Patent and the prior art are such that each claim of the Asserted Patent would have been obvious to a person having ordinary skill in the art before the alleged date of the invention of the claims.

### FIFTH AFFIRMATIVE DEFENSE:

### Invalidity under 35 U.S.C. § 112

All of the claims of the Asserted Patent are invalid pursuant to 35 U.S.C. § 112 because they

are indefinite, not enabled, and/or lack sufficient written description.

### SIXTH AFFIRMATIVE DEFENSE:

### Invalidity under 35 U.S.C. § 101

All of the claims in the Asserted Patent are invalid pursuant to 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), because they are directed to an abstract idea and do not recite an inventive concept sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the abstract idea itself.

### SEVENTH AFFIRMATIVE DEFENSE:

### Prosecution History Estoppel

AT's claim of infringement with respect to the Asserted Patent is barred, in whole or in part, by the doctrine of prosecution history estoppel.

### EIGHTH AFFIRMATIVE DEFENSE:

### Failure to Mark

AT's claim for damages arising from the alleged infringement of the Asserted Patent is limited under 35 U.S.C. § 287 because AT failed to properly mark the Asserted Patent on articles made in the United States.

### NINTH AFFIRMATIVE DEFENSE:

### No Injunctive Relief

At is not entitled to injunctive relief because it has failed to plead the requisite elements for such relief, any alleged injury to AT is not immediate or irreparable, AT has an adequate remedy at law for any alleged injury, the balance of hardships does not warrant a remedy in equity, there is no compelling public interest that would be disserved by an Injunction, and/or AT is not entitled to an injunction after the expiration of the Asserted Patent.

### TENTH AFFIRMATIVE DEFENSE:

**No Willful Infringement**

AT is not entitled to enhanced damages because Starbucks has not willfully infringed any claim of the Asserted Patent.

**ELEVENTH AFFIRMATIVE DEFENSE:**

**Estoppel, Laches, Implied License, and/or Waiver**

AT's attempted enforcement of the Asserted Patent is barred, in whole or in part, by the doctrines of estoppel, laches, implied license, and/or waiver.

**<u>COUNTERCLAIM</u>**

Starbucks Corporation ("Starbucks") asserts the following counterclaim against Analytical Technologies, LLC ("AT").

**NATURE OF THE ACTION**

1. This is an action for judgment declaring United States Patent No. 8,799,083 (the "'083 Patent" or the "Asserted Patent") not infringed.

**THE PARTIES**

2. Starbucks is a corporation organized under the laws of Washington having its principal place of business at 2401 Utah Avenue South, Seattle, Washington, 98134.

3. According to the Complaint, AT is a limited liability company organized and existing under the laws of the State of Wyoming with its principal place of business at 1712 Pioneer Ave Suite 500, Cheyenne, Wyoming 82001.

**JURISDICTION AND VENUE**

4. Starbucks' counterclaim arises under the United States patent laws, 35 U.S.C. §§ 101 et seq., and seek declaratory relief for which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, 2201, 2202.

5.      An actual and justiciable controversy exists under the Declaratory Judgment Act with respect to the alleged infringement, validity, and enforceability of the Asserted Patent. This controversy has sufficient immediacy and reality to warrant the issuance of declaratory relief.

6.      The Court has personal jurisdiction over AT by virtue of its filing of this action.

7.      To the extent venue of this action commenced by AT is found to be proper, venue for Starbucks' Counterclaim is also proper in the district pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL ALLEGATIONS

8.      Starbucks first became aware of the Asserted Patent on June 15, 2024.

9.      Starbucks had no knowledge of the Asserted Patent before AT filed its Complaint.

10.     The following statement in AT's Complaint is false, "Defendant has had actual notice of the '083 Patent and Defendant's infringing activities since at least March 23, 2023."

11.     AT has no evidence in support of its statement, "Defendant has had actual notice of the '083 Patent and Defendant's infringing activities since at least March 23, 2023."

12.     Counsel for Starbucks asked counsel for AT to provide any evidence in support of AT's statement, "Defendant has had actual notice of the '083 Patent and Defendant's infringing activities since at least March 23, 2023."

13.     Neither AT nor its counsel has provided to Starbucks or its counsel any support for the following statement, "Defendant has had actual notice of the '083 Patent and Defendant's infringing activities since at least March 23, 2023."

14.     Andrew Silver did not send a letter to Starbucks citing the Asserted Patent.

15.     Andrew Silver did not send an email to Starbucks citing the Asserted Patent.

16.     Andrew Silver did not telephone Starbucks citing the Asserted Patent.

17.     Andrew Silver did not contact Starbucks in any manner citing the Asserted Patent.

18.     Raffi Gostanian did not send a letter to Starbucks citing the Asserted Patent.

19. Raffi Gostanian did not send an email to Starbucks citing the Asserted Patent.

20. Raffi Gostanian did not telephone Starbucks citing the Asserted Patent.

21. Raffi Gostanian did not contact Starbucks in any manner citing the Asserted Patent.

22. Leigh Rothschild did not send a letter to Starbucks citing the Asserted Patent.

23. Leigh Rothschild did not send an email to Starbucks citing the Asserted Patent.

24. Leigh Rothschild did not telephone Starbucks citing the Asserted Patent.

25. Leigh Rothschild did not contact Starbucks in any manner citing the Asserted Patent.

26. No representative of AT has ever sent a letter to Starbucks citing the Asserted Patent.

27. No representative of AT has ever sent an email to Starbucks citing the Asserted Patent.

28. No representative of AT has ever sent telephoned Starbucks citing the Asserted Patent.

29. No representative of AT has ever sent contacted Starbucks in any manner citing the Asserted Patent.

30. The Asserted Patent has expired.

31. The Asserted Patent expired before AT filed its Complaint here.

32. The Asserted Patent expired before June 14, 2024.

33. The infringement chart attached to AT's Complaint, Dkt. No. 1-2, charts Claim 1 of the Asserted Patent.

34. Claim 1 is a method claim.

35. Method claims are not infringed when sold.

36. Method claims are only infringed when the steps of the method claim are performed.

37. Claim 1 of the Asserted Patent contains the following limitation, "performing a self-checkout by a at least one customer".

38. In Claim 1, the customer performs the self-checkout.

39. In AT's infringement chart, Dkt. No. 1-2, the following language appears under limitation 1.2, "For example, once the user receives the bill, the application allows the user to pay the bill through a checkout option ("self-checkout by at least one customer") where the user pays the bill ("payment") through multiple payment methods such as a credit card, debit card or a PayPal account ("payment is submitted without interaction with the staff associated with the restaurant")."

## COUNTERCLAIM 1:

### Non Infringement

40. Starbucks incorporates by reference the allegations in paragraphs 1-39, *supra*.

41. Starbucks does not infringe the Asserted Patent.

42. In its Complaint, AT alleged that Starbucks infringes Claim 1 of the Asserted Patent.

43. Starbucks cannot be a direct infringer of Claim 1 because the customer performs at least limitation 1(c) (what AT calls limitation 1.2).

44. Starbucks cannot be an indirect infringer of the Asserted Patent because said patent expired before Starbucks had knowledge of the Asserted Patent.

45. Starbucks should be paid its attorneys' fees and any other sanction the Court deems appropriate for asserting an expired patent against Starbucks on these facts pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927 and the Court's inherent authority.

## **PRAYER FOR RELIEF**

Starbucks prays the Court enters an Order:

(a) dismissing AT's Complaint with prejudice;

(b) declaring that Starbucks has not infringed and is not infringing the Asserted Patent, either literally or by the doctrine of equivalents;

(c) declaring, at least because of AT's false statements in its Complaint, inadequate prefiling investigation, and the impossibility of its infringement position, that this is an exceptional case under 35 U.S.C. § 285 and awarding Starbucks its attorneys' fees and expenses in this action;

(d) Finding AT's counsel violated 28 U.S.C. § 1927 and awarding Starbucks' fees and costs against counsel;

(e) determining that this case was brought in bad faith without a proper pre-filing investigation, and awarding Starbucks its costs in this action;

(f) enjoining AT from litigating any action in any other court against Starbucks or its customers for infringement of the Asserted Patent; and

(g) granting such other and further relief to Starbucks that this Court deems just and proper.

July 24, 2024

*Rachael D. Lamkin*
BAKER BOTTS L.L.P.
101 California Street
Suite 3200
San Francisco, CA 94111
Tel: (415) 291-6264
Fax: (415) 291-6364
Email: rachael.lamkin@bakerbotts.com

*Counsel for Defendant, Counterclaimant Starbucks*

13

## CERTIFICATE OF SERVICE

      On this date, July 24, 2024, I did personally serve upon Plaintiff Starbucks Answer, Affirmative Defenses, and Counterclaims using the Court's ECF System.

*Rachael D. Lamkin*
Rachael D. Lamkin